UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOE** | ) | CASE NO: **4:22-cv-01387-MWB** |
| | ) | |
| Plaintiff, | ) | JUDGE **MATTHEW J. BRANN** |
| | ) | |
| v. | ) | |
| | ) | |
| **WILLIAMSPORT AREA SCHOOL DISTRICT, and JOHN and JANE DOES #-20 (fictitious names),** whose true identities are currently unknown to Plaintiffs, | ) ) ) | |
| Defendants. | | |

## JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 12/09)

**1.0 Principal Issues**

1.1 Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

**Plaintiff alleges that in 2018, when he was a freshman-year student at Williamsport Area High School ("WAHS")—operated by Defendant Williamsport Area School District ("WASD")—he was sexually assaulted by another student, B.M., when they were on a school-sponsored trip to Myrtle Beach, South Carola, to participate in a baseball tournament. This assault was videotaped by other students who witnessed B.M.'s assault of Plaintiff. Plaintiff alleges that WASD knew of Plaintiff's assault in Myrtle Beach while the school team was still on the trip and that WASD's employees and agents unlawfully instructed students to delete videos of the sexual assault. Plaintiff alleges that WASD's coaches, administrators, employees, and/or agents who were chaperoning the baseball team trip failed to properly monitor and supervise Plaintiff and other students, which allowed the sexual assault to happen. Videos of Plaintiff's assault were disseminated within WAHS and the greater Williamsport community due to WASD's inaction. In fact, Plaintiff alleges that WASD covered up Plaintiff's abuse and failed to timely and appropriately investigate same. Plaintiff was thereafter harassed, bullied, and tormented as a result. This harassment was known to WASD, who did nothing but removed Plaintiff from the baseball team and then failed to promptly and properly discipline students responsible for his assault and subsequent harassment. Due to the ongoing harassment Plaintiff faced, he was forced to leave the school district. Plaintiff has made a Title IX claim against WASD along with negligence, negligent infliction of emotional distress, and negligent failure to rescue.**

By defendant(s):

**In March 2018, while on a high school baseball tournament trip in Myrtle Beach, SC, a small number of teammates were horsing around physically in their hotel room, which led to the alleged incident that is the basis of Plaintiff's claim. Plaintiff alleges that one of the players placed his penis on Plaintiff's lips while he was sleeping. A video of the incident was taken, which is visually unclear. The District did not learn of any incident until May 2018, when an anonymous report to ChildLine was made. An assistant principal from the School District, an investigator from Lycoming County District Attorney's office, and the Attorney General's Office all conducted investigations, none of which resulted in charges against any of the individuals on the trip. Nevertheless, the District suspended the players involved from the baseball team and imposed other measures on the alleged**

**perpetrator. Plaintiff, at the time of investigation by the Myrtle Beach Police Department which occurred some months later (in or around October 2018), denied being victimized in the incident.**

1.2    The facts the parties dispute are as follows:

**When WASD and its employees/agents learned of the incident; whether there was adequate supervision of the children on the trip by WASD; whether WASD agents acted to cover up the incident; and whether there was another incident within WASD wherein a similarly situated student was treated differently from Plaintiff.**

1.3    The legal issues the parties <u>dispute</u> are as follows:

**See previous motions to dismiss with subsequent pleadings and Judge Brann's Memorandum Opinion issued on October 19, 2023.**

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**None**

1.5    Identify any named parties that have not yet been served:

**None. Plaintiff reserves the right to amend the pleadings as the discovery process proceeds.**

1.6    Identify any additional parties that:

Plaintiff(s) intends to join:

**None at this time.  Plaintiff reserves the right to amend the pleadings as the discovery process proceeds.**

Defendant(s) intends to join:

**None at this time. Defendant reserves the right to amend the pleadings as the discovery process proceeds**

1.7    Identify any additional claims that:

Plaintiff(s) intends to add:

**None at this time.  Plaintiff reserves the right to amend the pleadings as the discovery process proceeds.**

Defendant(s) intends to add:

**None at this time. Defendant reserves the right to amend the pleadings as the discovery process proceeds.**

2.0   Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1   Separately for each party, list by name and title/position each person whose identity has been disclosed.

**Plaintiff**
**Plaintiff's mother**
**Brandon Pardoe – WASD principal**
**Roger Freed – former WASD assistant principal**
**Sean McCann – WASD athletic director**
**Ryan Miller – former WASD baseball head coach**
**Randy Zangara – WASD coach**
**Tariq Moore – WASD coach**
**Kyle Schneider – WASD coach**
**Nick Caringi – WASD coach**
**Joel Worthington – WASD coach**
**Dr. Timothy Bowers – WASD superintendent**
**B.M. & his parents/guardians – perpetrator**
**Videographer #1 & his parents/guardians – perpetrator**
**Male Victim #1 & his parents/guardians – additional victim**
**Fred A. Holland, Esq. - solicitor for WASD**
**George Lepley, Esq. - criminal defense attorney of B.M.**
**Jeff Yates, Esq. - Lycoming County Assistant District Attorney**
**Ryan Gardner, Esq. - Lycoming County District Attorney**
**William Weber - former Lycoming County Detective**
**David Scicchitano - OAG Investigator**
**Todd Bartley - journalist**

Defendants have made initial disclosures to Plaintiff and are as follows:

**Dr. Timothy Bowers – Superintendent, WASD**
**Brandon Pardoe –High School Principal, WASD, at time of incident, and parent attendee)**
**Roger Freed - former Assistant Principal, WASD**

4

**William Weber - Investigator**
**Kyle Schneider - Coach, WASD**
**Nick Caringi - Coach, WASD**
**Joel Worthington - Coach, WASD**
**Randy Zangara - Coach, WASD**
**Sean McCann – Athletic Director, WASD**
**Ryan Miller – Head Coach, WASD, at time of incident**
**Tariq Moore - Coach, WASD**
**B.M. and B.M.'s parents – student (alleged perpetrator) and parents**
**J.Z. (videographer #1) and J.Z.'s parents – student who took video of incident**

3.0 Early Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

**No early motions are anticipated prior to the completion of discovery.**

4.0 Discovery

4.1 Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): **None**

By defendant(s): **None**

4.2. Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

- **The parties will each make requests for production of relevant documents in the other's possession.**
- **The parties will each serve written interrogatories on each other.**
- **Plaintiff will depose numerous individuals involved in the facts described above and in the pleadings, including employees of the Defendant and other relevant witnesses. Plaintiff and Defendant reserve the right to depose other individuals who would have relevant information as discovery reveals.**

4.3  Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**None known at this time.**

4.4  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

**At this time neither party is aware of any discovery sought by the opposing party that is categorically objectionable.**

4.5  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits … recommended by plaintiff(s) and by defendant(s)):

   4.5.1  depositions (excluding experts) to be taken by:

   plaintiff(s):  **20**    defendant(s):  **10**

   4.5.2  interrogatories to be served by:

   plaintiff(s):   **Maximum 3 sets of requests**    defendant(s): **3 sets**

   4.5.3  document production requests to be served by:

   plaintiff(s):  **Maximum 3 sets of requests**    defendant(s): **3 sets**

   4.5.4  requests for admission to be served by:

   plaintiff(s):  **Maximum 3 sets of requests**    defendant(s): **3 sets**

4.6  Discovery of Electronically Stored Information

   ☒  Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

5.0   Protective Order

5.1   if entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

**The parties are working on language for a proposed protective order that will be submitted to the Court for review in due time.**

5.2   if there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**The parties are unaware of any disputes related to a protective order as no such order has been provided to date.**

6.0   Scheduling

6.1   Final date for joining additional parties:

Plaintiff(s):   08/2/2024

Defendant(s):   08/2/2024

6.2   Final date for amending pleadings:

Plaintiff(s):   08/2/2024

Defendant(s):   03/2/2024

6.3   All fact discovery commenced in time to be completed by:  9/2/2024

6.4   All potentially dispositive motions should be filed by:   __11/4/2024___

6.5   Reports from retained experts due:

From plaintiff(s) by:   _____2/4/2025_____

From defendant(s) by: _____3/4/2025_____

6.6 Supplementations due: _____3/18/2025_____

6.7 All expert discovery commenced in time to be completed by: _3/18/2025_

6.8 This case may be appropriate for trial in approximately:

☐ 240 days from the filing of the action in this court

☐ 365 days from the filing of the action in this court

_____ Days from the filing of the action in this court

6.9 Suggested Date for the final Pretrial Conference:

_____April 2025_____ (month/year)

6.10 Trial

6.10.1 Suggested Date for Trial:

_June 2025_ (month/year)

7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

| **Gaetano Dandrea (on Behalf of Plaintiff)** | |
|---|---|
| Name | |
| **Attorney, Laffey, Bucci, & Kent, LLP** | |
| Title | |
| **1100 Ludlow Street, Suite 300** **Philadelphia, PA 19107** | |
| Address | |
| **215-399-9255** | Daytime Telephone |
| | |
| **Brian Dooley Kent (on Behalf of Plaintiff)** | |
| Name | |
| **Attorney, Laffey, Bucci, & Kent, LLP** | |

| | |
|---|---|
| Title | |
| **1100 Ludlow Street, Suite 300** **Philadelphia, PA 19107** Address | |
| **215-399-9255** | Daytime Telephone |
| | |
| **Michael J. McFarland (on Behalf of Plaintiff)** Name | |
| **Attorney, Laffey, Bucci, & Kent, LLP** Title | |
| **1100 Ludlow Street, Suite 300** **Philadelphia, PA 19107** Address | |
| **215-399-9255** | Daytime Telephone |
| | |
| **Jillian Patricia Roth (on Behalf of Plaintiff)** Name | |
| **Attorney, Laffey, Bucci, & Kent, LLP** Title | |
| **1100 Ludlow Street, Suite 300** **Philadelphia, PA 19107** Address | |
| **215-399-9255** | Daytime Telephone |
| | |
| **Gregory A. Stapp (on Behalf of Plaintiff)** Name | |
| **Attorney, Stapp Law, LLC** Title | |
| **153 West Fourth Street, Suite 6** | |

| | |
|---|---|
| **Williamsport, PA 17701** | |
| Address | |
| | |
| **570-326-1077** | Daytime Telephone |
| | |

| | |
|---|---|
| **Karl A. Romberger, Jr. (on behalf of Williamsport Area School District)** | |
| Name | |
| | |
| **Attorney, Sweet, Stevens, Katz & Williams, LLP** | |
| Title | |
| | |
| **331 E. Butler Avenue, P.O. Box 5069** | |
| **New Britain, PA 18901** | |
| | |
| **215-345-9111** | Daytime Telephone |
| | |
| **Megan D. Hazel (on behalf of Williamsport Area School District)** | |
| Name | |
| | |
| **Attorney, Sweet, Stevens, Katz & Williams, LLP** | |
| Title | |
| | |
| **331 E. Butler Avenue, P.O. Box 5069** | |
| **New Britain, PA 18901** | |
| | |
| **215-345-9111** | |

8.0 Alternative Dispute Resolution ("ADR")

    8.1    Identify any ADR procedure to which this case already has been assigned or which parties have agreed to use.

          **The parties have not agreed on an ADR procedure at this time.**

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure,

identify the party or parties that recommend ADR and the specific ADR process recommended:

**The parties agree that this case may be suitable for a mediation after the exchange of initial discovery.**

8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

9.0 Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: ☐ **Y**  ☒ **N**

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

☐ Scranton/Wilkes-Barre

☐ Harrisburg

10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**None at this time**

11.0 Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronica Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

| Dated: | 1/9/24 | **Gaetano Dandrea, Esquire** |
|---|---|---|
| | | Attorney(s) for Plaintiff(s) |
| | ☒ | ECF User(s) |
| | ☐ | Waiver requested (as separate document) |
| | ☐ | Fed.R.Civ.P.7.1 (statement filed if necessary)* |

| Dated: | 1/9/24 | **Brian Dooley Kent, Esquire** |
|---|---|---|
| | | Attorney(s) for Plaintiff(s) |
| | ☒ | ECF User(s) |
| | ☐ | Waiver requested (as separate document) |
| | ☐ | Fed.R.Civ.P.7.1 (statement filed if necessary)* |

| Dated: | 1/9/24 | **Michael J. McFarland, Esquire** |
|---|---|---|
| | | Attorney(s) for Plaintiff(s) |
| | ☒ | ECF User(s) |
| | ☐ | Waiver requested (as separate document) |
| | ☐ | Fed.R.Civ.P.7.1 (statement filed if necessary)* |

| Dated: | 1/9/24 | **Jillian Patricia Roth, Esquire** |
|---|---|---|
| | | Attorney(s) for Plaintiff(s) |
| | ☒ | ECF User(s) |
| | ☐ | Waiver requested (as separate document) |
| | ☐ | Fed.R.Civ.P.7.1 (statement filed if necessary)* |

| Dated: | 1/9/24 | **Gregory A. Stapp, Esquire** |
|---|---|---|
| | | Attorney(s) for Plaintiff(s) |
| | ☒ | ECF User(s) |
| | ☐ | Waiver requested (as separate document) |
| | ☐ | Fed.R.Civ.P.7.1 (statement filed if necessary)* |

| Dated: | 1/9/24 | **Karl A. Romberger, Jr., Esquire** |
|---|---|---|
| | | Attorney(s) for Defendant WASD |
| | ☒ | ECF User(s) |
| | ☐ | Waiver requested (as separate document) |
| | ☐ | Fed.R.Civ.P.7.1 (statement filed if necessary)* |

| Dated: | 1/9/24 | **Megan D. Hazel, Esquire** |
|---|---|---|
| | | Attorney(s) for Defendant WASD |
| | ☒ | ECF User(s) |
| | ☐ | Waiver requested (as separate document) |

☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.