GAETANO A. D'ANDREA, ESQ.
MICHAEL J. MCFARLAND, ESQ.
RAGHA NARASIMHAN, ESQ.
*Phone:* 215-399-9255
*Email:* cvgdteam@laffeybucci.com
*We are a paperless office, reply to listed email*

April 22, 2025

**Submitted Via ECF**
Honorable Matthew W. Brann
United States District Court – Middle District of PA
240 W. Third Street, Suite 401
Williamsport, PA 17701

     Re: John Doe v. Williamsport Area School District
       USDC - MDPA
       Docket No.: 4:22-cv-1387

Dear Judge Brann:

 As you know, we represent Plaintiff in the above referenced matter. I am writing to respectfully request a telephonic conference to attempt to resolve outstanding discovery matters with defense counsel, or, if we are unable to resolve them, to respectfully request leave to file the appropriate Motions to Compel.

 Despite our diligent efforts, patience, and numerous attempts to coordinate with defense counsel for Defendant Williamsport Area School District ("WASD"), we are encountering significant delays and obstacles in progressing discovery, which has already necessitated the filing of a few joint applications to extend discovery. Future applications to extend discovery are likely if these discovery disputes are not resolved.

 At present there are two significant issues we wish to address with the Court at a future telephonic conference:

1. Defendant WASD has agreed to produce, but has still, after many months, not yet produced several documents which include, among other things, Plaintiff's educational records, various WASD policies, and WASD employee training materials.[1]

2. The parties' dispute over the scope of Plaintiff's Fed. R. Civ. P. 30(b)(6) notice.

 With respect to Defendant WASD's objections to Plaintiff's Fed. R. Civ. P. 30(b)(6) notice, Defendant WASD has, in summary, continued to object to producing a designee that will testify regarding the Defendant WASD's knowledge of and response to the incidents giving rise to this suit, arguing that this line of questioning represents a fact based inquiry not suitable for a 30(b)(6) deposition. In making such an argument, Defendant WASD has and continues to cite a 9th Circuit case involving the owner/s of the largest pornography website in the world, which was sued for allowing child sexual abuse material to be uploaded and disseminated on its website—an odd choice for this case which involves the sexual assault of a minor which was video recorded and disseminated to members of Plaintiff's baseball team and the WASD student body.

---

[1] Plaintiff's counsel is aware that lead counsel for Defendant WASD is no longer with defense counsel's firm, but her past delays and the ongoing delays in producing these materials are stalling the progress of this matter. Defense counsel has indicated that the requested documents will be produced forthwith.

Case 4:22-cv-01387-MWB    Document 138    Filed 04/22/25    Page 2 of 4

Re: Doe v. Williamsport Area Sch. Dist., U.S.D.C. M.D. Pa. 4:22-1387-MWB
Plaintiffs' draft Rule 30(b)(6) Notice of Deposition of Designee

In the case cited by WASD, the plaintiff sought take the deposition of a designee of a pornography website, owned by Mindgeek USA, Inc., regarding its knowledge of a set of documents and information that dwarf what is being requested by Plaintiff in this case. Defendant WASD's reliance on this case is unconvincing. Essentially, Defendant WASD's objects as follows:

> **Objections**.
>
> Our continued, general objection is to the request for a designee to testify to fact specific questions regarding the incident at issue.  WASD acted through its employees with respect to reports, investigation, and addressing the Myrtle Beach incident and those employees can (and have) testified to their actions.  Preparing a witness with first-hand information regarding the fact-specific line of questions would certainly be "more convenient, less burdensome, (and) less expensive" than attempting to prepare an agency designee to adequately answer the same line of questions.  Fed. R. Civ. P. 26(b)(2)(C)(i). Further, because employees can (and have) given depositions, the information requested is unnecessary and risks confusion and prejudice given that "Rule 30(b)(6) is not designed to be a memory contest." *Preservation Techs.*, 2020 U.S. Dist. LEXIS 258315 at *4 (quoting *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008)).
>
> As such, WASD objects to the following requests from an agency designee (each is reproduced in italics font for convenience):

Defendant WASD's full objections to Plaintiff's amended 30(b)(6) notice can be forwarded to the Court for review if requested.

Crucially, the prohibitive "memory contest" contemplated in *Preservation Techs. et. seq.*, which centered chiefly around the issue of undue burden in preparation for a designee deposition, was essentially a "contest" to see if a corporate defendant's designee/s could master a vast amount of technical and precise information known to the corporation. Again, that case involved a plaintiff's request to have Defendant Mindgeek USA, Inc. produce a designee who would necessarily need to master a vast range of technical knowledge. For instance:

> By its terms, Topic No. 5 would require a deponent to know about the macro changes to general system architecture, the micro changes to individual lines of code, and everything in between. Adequately familiarizing corporate deponents with all the ins and outs of **7.3 million files** would demand exorbitant preparation. Assuming any deponent could master that knowledge, the unrestrained request would require countless hours of preparation.

*Pres. Techs. LLC v. MindGeek USA, Inc.*, No. 217CV08906DOCJPR, 2020 WL 10965163, at *3 (C.D. Cal. Oct. 19, 2020) (emphasis added).

The above is nowhere near the case here, where— unless Defendant WASD is withholding 7.3 million unknown files and mountains of code for some reason— Defendant WASD is not required to prepare a designee on such vast, technical, and precise information, and therefore faces

no undue burden in preparing such a witness or anything resembling the undue burden presented by the 30(b)(6) notice in *Preservation Techs*. Instead, Defendant WASD, a school district, is being asked to produce designees to testify regarding the school district's knowledge of the facts giving rise to this case, and the District's response to Plaintiff's assault. This is not and need not be a complicated endeavor and it is unfortunate Defendant WASD has taken this position at this juncture, requiring Court intervention.

Here, Plaintiff is simply requesting is that Defendant WASD put forth a designee who will testify to Defendant WASD's knowledge of and response to incidents giving rise to the suit, as well as its knowledge of and response to similar instances within the time period of 2015 (three years prior to Plaintiff's assault) to present (because it is alleged that WASD's response was dragged out, bungled, negligent, and caused Plaintiff additional harms, including to his education). Plaintiff is entitled to this under Fed. R. Civ. P. 30(b)(6). "Indeed, the very purpose of the rule's forcing a corporation to designate a deponent to testify regarding particular matters is to curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Fed. R.C.P. § 30(b)(6), cmt. (as cited in *Coleman v. Blockbuster, Inc.,* 238 F.R.D. 167 (E.D. Pa. 2006)).[2]

Moreover, Defendant WASD, a public school, has, or should have, policies and procedures regarding the prevention and reporting of bullying, hazing and sexual assaults, the supervision of students both on and off campus (such as at longstanding out-of-state baseball tournaments, as is the case here), and how staff, students, coaches and administrators are trained to respond to such incidents, or even to the suspicion of or potential for such incidents. Plaintiff is entitled to take the deposition of Defendant WASD on such topics as they are highly relevant to his claims.

Defendants' further objections that Plaintiff's 30(b)(6) notice is overly broad for not being confined *specifically* to student-on-student harassment on overnight sports trips are equally unconvincing. Plaintiff is entitled to depose Defendant on its knowledge of, and policies and procedures pertaining to additional forms of bullying, harassment and sexual assaults beyond merely "student on student harassment on overnight sports trips." To so limit Plaintiff's topics for deposition would be akin to limiting a Plaintiff's 30(b)(6) notice in a trucking accident case where a company failed to adequately inspect its fleet's tires to only a corporate defendants' knowledge of highway conditions on one highway but not another—the condition of the tires follows the driver wherever he or she may go. In this case, the condition of bullying, hazing, and sexual assault (or the potential for it) follows WASD students and staff where they go while under WASD

---

[2] We will point out that it is likely that Dr. Brandon Pardoe will be designated as one of Defendant WASD designees. Plaintiff has yet to, but plans on, deposing Dr. Pardoe as a fact witness as he was principal of Williamsport Area High School at the time of Plaintiff's assault, was present at the 2018 Myrtle Beach baseball tournament where the sexual assault of Plaintiff occurred, and was intimately involved in the school's response to or investigation of the assault. Thus, Defendant WASD faces virtually no burden in preparing him as a fact witness and designee for deposition on various topics—***and another*** case involving the purposed sexual abuse of another WASD student by a WASD teacher, also involving inappropriate off campus and overnight arrangements and supervision. It is therefore quite clear that Defendant WASD's attempts to conscribe Plaintiff's topics so restrictively to WASD's knowledge of student-on-student harassment on sporting trips are simply self-serving and have little to do with any burden placed on them or the appropriateness of asking a designee of Defendant WASD about the school district's collective knowledge of and response to the incidents giving rise to this suit.

supervision, which is why the policies apply to them wherever they go and when under the supervision and control of WASD, and not selectively as Defendant WASD seeks to so limit here. School district policies are meant to prevent bullying, harassment and assault in various forms. By their nature they do not enumerate each and every feasible violation to such policies and procedures may arise, and it is expected that school districts adequately instruct and train their students and staff subject to such policies to understand them and respond to events and/or incidents which may arise. Moreover, the number of other instances of sexual abuse and/or assaults perpetrated upon WASD students between 2015 and the present known to Defendant WASD will (hopefully) not number in the dozens, so this line of inquiry is adequately limited in both scope and time under Fed. R. Civ. P. 26 as it pertains to this case and will cause no undue burden.

      Just as Defendant was entitled to depose Plaintiff, Plaintiff has the right to depose Defendant WASD in this matter. It is therefore proper and necessary that Plaintiff require Defendant WASD to produce designee/s who is or are prepared to testify regarding Defendant WASD's knowledge of such similar incidents of sexual assault, its policies and procedures pertaining to such incidents, and how it acted to respond to such incidents—including in the incident giving rise to Plaintiff's claims.

      We look forward to the opportunity to discuss this matter with Your Honor and respectfully request a teleconference at the Court's earliest convenience.

      Thank you for your time and consideration of this matter. Please do not hesitate to reach out to our office with any questions or concerns at the email address cvgdteam@laffeybucci.com.

Very Truly Yours,

**LAFFEY BUCCI D'ANDREA REICH & RYAN LLP**

*/s/ Michael J. McFarland*
GAETANO A. D'ANDREA, ESQ.
MICHAEL J. MCFARLAND, ESQ.
RAGHA NARASIMHAN, ESQ.
Email: cvgdteam@laffeybucci.com

*Cc.*
*All Counsel of Record via ECF and electronic mail*