## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 4:22-1387-MWB** |
| **v.** | : | |
| | : | |
| **WILLIAMSPORT AREA SCHOOL** | : | |
| **DISTRICT,** | : | |
| **Defendant.** | : | **Hon. Matthew W. Brann** |

### DEFENDANT, WILLIAMSPORT AREA SCHOOL DISTRICT'S BRIEF IN SUPPORT OF
### <u>MOTION FOR SUMMARY JUDGMENT</u>

Karl A. Romberger, Jr. - PA 60636
SWEET STEVENS KATZ & WILLIAMS LLP
331 East Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania 18901
(215) 345-9111
kromberger@sweetstevens.com

*Attorneys for Defendant,*
*Williamsport Area School District*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................i-iii

I.    PROCEDURAL HISTORY ............................................................................1

II.   STATEMENT OF FACTS............................................................................1

III.  QUESTIONS INVOLVED..............................................................................2

      A.    CAN PLAINTIFF ESTABLISH A GENUINE DISPUTE OF MATERIAL FACT
           REGARDING ACTUAL KNOWLEDGE BY AN APPROPRIATE SCHOOL
           OFFICIAL; DELIBERATE INDIFFERENCE; HARASSMENT THAT IS SEVERE,
           PERVASIVE, AND (/OR) OBJECTIVELY OFFENSIVE; AND DENIAL OF
           BENEFITS?  NO. ....................................................................................2

      B.    CAN PLAINTIFF ESTABLISH A GENUINE DISPUTE OF MATERIAL FACT
           REGARDING PENIS-TO-LIPS IN ORDER TO AVOID IMMUNITY?  NO. ............2

      C.    CAN PLAINTIFF ESTABLISH A GENUINE DISPUTE OF MATERIAL FACT TO
           SHOW DEFENDANT BREACHED A DUTY THAT CAUSED THE INCIDENT?
           NO. ....................................................................................................2

      D.    IS DEFENDANT ENTITLED TO JUDGMENT AS A MATTER OF LAW?  YES......2

IV.   ARGUMENT.....................................................................................................2

      A.    COUNT I: TITLE IX. ................................................................................3

      B.    DEFENDANT IS ENTITLED TO IMMUNITY. ..................................................5

      C.    COUNT IV: NEGLIGENCE. ......................................................................6

      D.    COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.............16

      E.    COUNT VII: NEGLIGENT FAILURE TO RESCUE. ....................................18

V.    CONCLUSION ...........................................................................................19

CERTIFICATE OF SERVICE ...........................................................................iv

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby*,
 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ......................................3

*Aubrey v. Sch. Dist.*,
 437 A.2d 1306 (Pa. Commw. 1981) ............................................................. 14, 15

*Axtell v. Lepenna*,
 323 F. Supp. 1077 (W.D. Pa. 1971) ........................................................................7

*Brown v. Frey*,
 Civ. A. 23-4268, 2025 WL 450491, 2025 LX 294628 (E.D. Pa. Feb. 10, 2025)...6

*Cavaliere v. Duff's Bus. Inst.*,
 605 A.2d 397 (Pa. Superior. 1992) ............................................................... 14, 15

*D.R. v. Middle Bucks Area Voc. Tech. Sch.*,
 972 F.2d 1364 (3d Cir. 1992)...........................................................................7, 17

*Davis v. Monroe Cnty. Bd. of Educ.*,
 526 U.S. 629 (1999) ................................................................................ 3, 4, 14

*Doe v. Boyertown Area Sch. Dist.*,
 897 F.3d 518 (3d Cir. 2018)...................................................................................4

*Doe v. Loyalsock Twp. Sch. Dist.*,
 Civ. A. 4:21-1343, 2022 WL 1110310,  2022 LX 74140 (M.D. Pa. Apr. 13, 2022)
 ............................................................................................................................19

*Doe v. Williamsport Area Sch. Dist.*,
 699 F. Supp. 3d 306 (M.D. Pa. 2023)............................. 1, 3, 5-6, 8, 11, 12 16, 18

***Doe*Error! Bookmark not defined.** *[I] v. Williamsport Area Sch. Dist.*,
 Civ. A. 4:22-1387, 2023 WL 3136409, 2023 U.S. Dist. LEXIS 73835 (M.D. Pa.
 Apr. 27, 2023)..................................................................................................8, 18

*Hahn v. Richter*,
 673 A.2d 888 (1996)............................................................................................13

*Humphries v. Pa. State Univ.*,
 492 F. Supp. 3d 393 (M.D. Pa. 2020)..................................................................17

*M.S. v. Susquehanna Twp. Sch. Dist.*,
   969 F.3d 120 (3d Cir. 2020)....................................................................3

*Maas v. UPMC Presbyterian Shadyside*,
   234 A.3d 427 (2020) ............................................................................13

*Melrose, Inc. v. City of Pittsburgh*,
   613 F.3d 380 (3d Cir. 2010)....................................................................3

*Paige v. City of New Brunswick*,
   680 F. App'x 107 (3d Cir. 2017)............................................................6

*Pennsylvania State Educ. Ass'n v. Dep't of Publ. Wel.,*
   449 A.2d 89 (Pa. Commw. 1982) ..........................................................7

*Pierre v. Clarke*,
   Civ. A. 2:19-5836-JDW, 2021 WL 1061204, 2021 U.S. Dist. LEXIS 51929 (E.D.
   Pa. Mar. 19, 2021) ................................................................................6

*Sanford v. Stiles*,
   456 F.3d 298 (3d Cir. 2006)....................................................................5

*Toney v. Chester Cnty. Hosp.*,
   36 A.3d 83 (Pa. 2011) ................................................................... 16, 17

**Statutes**

20 U.S.C. § 1323g ......................................................................................12

22 Pa. Code Part 1 ......................................................................................7

22 Pa. Code Chap. 10 ................................................................................12

22 Pa. Code Chap. 19 ..................................................................................7

24 P.S. § 13-1301 .................................................................................. 12, 15

24 Pa. Stat. Chap. 1 ....................................................................................7

42 Pa. C.S. § 8541 ......................................................................................5

42 Pa. C.S. § 8542(b)(9) ..............................................................................5

**Other Authorities**

Act of Nov. 23, 1999, P.L. 529, No. 48.................................................................15

Restatement (Second) of Torts §§ 213, 343, 344, 371............................................12

Restatement (Second) of Torts §§ 302, 315, 317, 323, 324A..................................11

Restatement (Second) of Torts § 314.............................................................11, 18

Restatement (Second) of Torts, Div. 4 ....................................................................13

**Rules**

Fed. R. Civ. P. 56........................................................................................................1

Fed. R. Civ. P. 56(a) ..................................................................................................2

Pursuant to Fed. R. Civ. P. 56, Defendant, Williamsport Area School District ("Defendant" or "School District"), has moved for entry of summary judgment, and submits this Brief In Support.

## I.     PROCEDURAL HISTORY

Plaintiff initiated this case by Complaint filed September 6, 2022.  ECF 1. After preliminary motions, certain negligence and Title IX claims asserted against Defendant in Plaintiff's Second Amended Complaint, ECF 92, were found to be "plausible," *see Doe v. Williamsport Area Sch. Dist.*, 699 F. Supp. 3d 306 (M.D. Pa. 2023), and the case proceeded on those claims.  An extended period of discovery ensued with at least a dozen depositions and production of thousands of pages of documents.  Discovery is now closed and dispositive motions are due on or before October 2, 2025.  *See* ECF 143.

## II.     STATEMENT OF FACTS

Defendant files along with, and incorporates into, its Motion For Summary Judgment, a Statement Of Material Facts with exhibits.  In summary, Plaintiff endured an inappropriate act ("the incident") committed by a peer, B.M., while participating in the high school baseball team's Spring 2018 trip to Myrtle Beach, South Carolina.  Another peer, J.Z., video recorded the incident.  About mid- to late-May 2018 adults, including school officials, learned about the incident and the

1

video.  School authorities investigated the matter, and imposed certain

consequences on B.M. and J.Z.  The Spring 2018 school term ended thereafter.

Plaintiff claims the incident occurred as a result of the School District's

negligence and that the School District violated Title IX based on post-incident

circumstances encountered by Plaintiff.  Because the record shows no genuine

dispute of material fact regarding (1) no knowledge by a school official and other

critical Title IX elements, (2) application of state law immunity, (3) no negligence,

and (4) an appropriate response after learning of the incident, Defendant is entitled

to judgment as a matter of law.

## III.    QUESTIONS INVOLVED

    A.    Can Plaintiff establish a genuine dispute of material fact regarding actual knowledge by an appropriate school official; deliberate indifference; harassment that is severe, pervasive, and (/or) objectively offensive; and denial of benefits?  No.

    B.    Can Plaintiff establish a genuine dispute of material fact regarding penis-to-lips in order to avoid immunity?  No.

    C.    Can Plaintiff establish a genuine dispute of material fact to show Defendant breached a duty that caused the incident?  No.

    D.    Is Defendant entitled to judgment as a matter of law?  Yes.

## IV.    ARGUMENT

    "Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We view the evidence in the light most favorable to the non-moving party.  *See Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d

Cir. 2010).  A fact is material if—taken as true—it would
affect the outcome of the case under governing law.
*Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct.
2505, 91 L. Ed. 2d 202 (1986).  And a factual dispute is
genuine "if the evidence is such that a reasonable jury
could return a verdict for the nonmoving party."  *Id*."

*M.S. v. Susquehanna Twp. Sch. Dist*., 969 F.3d 120, 125 (3d Cir. 2020).

### A.    Count I: Title IX.

The Court previously allowed Plaintiff's Title IX claims to proceed based on

his post-incident allegations.  *Doe*, 699 F. Supp. 3d at 323.  Contrary to the

"pleading as true" allegations, the developed record establishes very different,

actual facts.

The record facts show no adult knew about the incident while in Myrtle

Beach.  Statement of Material Facts ¶¶ 116-34.  An appropriate school official first

learned of the incident in mid-May 2018.  Statement of Material Facts ¶¶ 132-36.

While Plaintiff disagrees with the consequences issued to B.M. and J.Z., the

decisions are supported by pedagogical rational.  Statement of Material Facts ¶¶

153-58, 160-63.  *See also Davis v. Monroe Cnty. Bd. of Educ*., 526 U.S. 629, 648

(1999) (reiterating "courts should refrain from second guessing the disciplinary

decisions made by school administrators.").

No school official knew about alleged dissemination of the video.  Statement

of Material Facts ¶¶ 106-07, 109-11, 113-15.  The record facts show no directive to

destroy evidence.  Statement of Material Facts ¶¶ 115, 149, 151. No school official

knew about alleged post-incident harassment—including the only evidence-based possible harassment of being called "dick lips."  Statement of Material Facts ¶¶ 165, 171, 182-84.  The record facts show school officials took appropriate action, about known circumstances such as the video, about known post-incident harassment, and about providing post-incident supports.  Statement of Material Facts ¶¶ 150-51, 165, 168-70.

The record facts show the student body knew harassment was not tolerated.  Statement of Material Facts ¶¶ 166-67.  Plaintiff remained a Williamsport Area School District student the following year, and did not transfer until August 26, 2019.  Statement of Material Facts ¶¶ 185-87.  Plaintiff did not endure harassment, let alone severe, pervasive, and/or objectively offensive harassment.[1]  Statement of Material Facts ¶¶ 153-58, 172-80, 182-84, 189-92.  *See also* Statement of Material Facts ¶¶ 186, 188.

Plaintiff must be able to establish: actual knowledge by an appropriate school official; deliberate indifference; harassment that is severe, pervasive, and (/or) objectively offensive; and denial of benefits.  *Doe*, 699 F. Supp. 3d at 320-21.

---

[1]    *Davis*, 526 U.S. at 651 says "severe, pervasive, and objectively offensive." A panel of the Third Circuit has suggested said "severe, pervasive, or objectively offensive."  *Doe v. Boyertown Area Sch. Dist*., 897 F.3d 518, 533 and n.99 (3d Cir. 2018).  The Circuit draws on employment discrimination precedents, where the Supreme Court directly addressed money damages claims pursuant to Title IX. Fortunately, the difference does not seem to matter in this case.

Based on the record evidence, Plaintiff cannot demonstrate a genuine dispute of material fact about any of these required proofs.

### B.    Defendant is Entitled to Immunity.

The Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541 *et seq*., confers a broad immunity to school districts. *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006). The only possible exception to immunity in this case is the sexual assault exception added in 2019. *See* 42 Pa. C.S. § 8542(b)(9).

The scope of the present inquiry was outlined in this Court's prior ruling, *Doe*, 699 F. Supp. 3d at 327-28: does the record evidence show a genuine dispute about penis-to-lips? It does not. Statement of Material Facts ¶¶ 95-105, 106, 108-11.

The video itself does not show penis-to-lips. Statement of Material Facts ¶ 106. To the extent the video is deemed inconclusive, Plaintiff is not entitled to have a jury just guess what the video shows over the only witnesses to the incident. A reasonable jury could not properly conclude the inconclusive video shows what the only eyewitnesses denied.

The dispute about the video does not turn on either intent or facts that support two competing determinations: there are no valid, material facts supporting the interpretation Plaintiff offers. *See, e.g., Paige v. City of New Brunswick*, 680 F. App'x 107 (3d Cir. 2017) (involving inconclusive video, question of police

officer's intent, and facts supporting either sides' interpretation).  *See also Brown v. Frey*, Civ. A. 23-4268, 2025 WL 450491, 2025 LX 294628, at *11 (E.D. Pa. Feb. 10, 2025) (involving inconclusive video and competing witness testimony).

Defendant's motion viewed favorably to the Plaintiff does not mean making an inference against the whole of the facts; Plaintiff must demonstrate, from the record, competing material facts.  *See Pierre v. Clarke*, Civ. A. 2:19-5836-JDW, 2021 WL 1061204, 2021 U.S. Dist. LEXIS 51929, at *6 (E.D. Pa. Mar. 19, 2021).  On this record, he cannot demonstrate competing material facts.

Accordingly, Plaintiff cannot prove application of the sexual abuse exception to immunity.  As a result, Defendant is immune from Plaintiff's state law negligence claims.

### C.    Count IV: Negligence.

Even if immunity does not apply, the record evidence does not get Plaintiff past summary judgment.  Plaintiff asserts negligence, Negligent Infliction of Emotional District ("NIED"), and failure to rescue claims, together characterized as a failure to supervise and train claim.  *Doe*, 699 F. Supp. 3d at 332.  The Court also explained that these negligence claims must be rooted in the School District's own negligence as the cause of the incident.  *Id*.

Plaintiff alleges the School District owed a general duty of safety and supervision, ECF 92 ¶¶ 168-69, 171-72,[2] and asserts manifold alleged breaches.  In general, these are: failure to train; negligent hiring; failure to adopt or follow procedures; failure to warn; and failure to assist.  The record does not support any of these.

ECF 92 ¶ 174.  There is no evidence of record that staff were not qualified to supervise.  Plaintiff has identified no standard, but the evidence does not show any evidence of improper hiring and no proof of anyone unqualified by law or by fact for their positions.  Hiring of public school personnel is regulated by the Pennsylvania School Code, 24 Pa. Stat. Chap. 1, and the regulations of both the State Board of Education, 22 Pa. Code Part 1, and rules from the Pennsylvania Department of Education, *e.g.*, Certification and Staffing Policies and Guidelines,[3] all of which, along with other mandates, detail qualifications for hiring and retention.  *See also* 22 Pa. Code Chap. 19 (relating to retention).  There is no

---

[2]    Plaintiff also offers allegations about *in loco parentis*, ECF 92 ¶¶ 170, 173, *see* 24 Pa. Stat. § 1317, but that statute only gives school officials "such control as is reasonably necessary to prevent infractions of discipline and interference with the educational process."  *D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1371 (3d Cir. 1992) (*en banc*) (quoting *Axtell v. Lepenna*, 323 F. Supp. 1077 (W.D. Pa. 1971)).  It does not impose a duty, *id*. at 1371 (quoting *Pennsylvania State Educ. Ass'n v. Dep't of Publ. Wel.,* 449 A.2d 89, 92 (Pa. Commw. 1982)), let alone a duty to use the highest degree of care or expand any applicable duty.

[3]    https://www.pa.gov/agencies/education/programs-and-services/educators/certification/certification-staffing/staffing-guidelines.html

evidence showing a breach of these requirements, or even if there were a breach,
the evidence does not show causation.

ECF 92 ¶ 179 offers five sub-parts—

Subpart (a) asserts a failure to screen for competence. The pleading mostly
identifies persons not having responsibilities on the Myrtle Beach trip and so
persons who are not possibly a cause of the incident. *Doe [I] v. Williamsport Area
Sch. Dist.*, Civ. A. 4:22-1387, 2023 WL 3136409, 2023 U.S. Dist. LEXIS 73835, at
*24 (M.D. Pa. Apr. 27, 2023) (discussing defendant who was not on the trip). As
to Coach Miller, the record does not identify any incompetence, legal or factual, let
alone any that caused the incident. Statement of Material Facts ¶¶ 193-96.

Subparts (b) and (c) involve post-incident matters ("knew that B.M. sexually
abused. . . ."). What was known after the incident did not cause the incident. *Doe*,
699 F. Supp. 3d at 332. The record establishes no actual knowledge until well after
the incident. Statement of Material Facts ¶¶ 116-36.

Subparts (d) and (e) are also post-incident matters. A supposed cover-up
about the incident did not cause the incident. Moreover, there is no evidence to
dispute whether anyone was hired in violation of applicable School Code
requirements. Statement of Material Facts ¶¶ 193-96.

ECF 92 ¶ 180 offers 28 sub-parts—

Subparts (a), (b), (c), and (o) allege the incident was "permitted" or "ratified." First, "ratified" would be post-incident and so is not causal. Second there simply is nothing of record demonstrating anything of a permissive nature. *See* Statement of Material Facts ¶¶ 116-36 (no knowledge), 134-52 (investigation after knowledge), 153-63 (consequences and reasons), and 166-67 (student education). The incident was not permitted, condoned, or ratified. Statement of Material Facts ¶¶ 116-36, 134-52, 153-63, 166-67.

Subparts (f), (h), and (z) allege a failure to supervise staff. Plaintiff did not explore this theory of liability in developing facts. The record does not show any such failure; to the contrary, the coaches knew they were responsible for supervision, Statement of Material Facts ¶¶ 38-39, and developed and implemented plans for supervision, Statement of Material Facts ¶¶ 33-37, 60-66, 73-86, including structured time, Statement of Material Facts ¶¶ 67-70. There is no material evidence showing supervisory staff failed to supervise underlings. *See also infra* discussing Subparts (g) and (h) and timing of incident.

Subparts (g) and (h) allege a failure to adopt or follow procedures to protect and supervise students. The record does not show any such failure. To the contrary, the record shows coaches reviewed the rules with players and parents multiple times, Statement of Material Facts ¶¶ 33-37, 40-42, and the coaches developed plans, rules, protocols for supervision, and implemented protocols for

supervision, Statement of Material Facts ¶¶ 33-37, 60-66, 73-86, including developing a busy, structured schedule, Statement of Material Facts ¶¶ 67-70, and including reasonably calculated room assignments, Statement of Material Facts ¶¶ 56-59.  In addition, a coach was always with any players left at the hotel (a circumstance without an evidentiary temporal causation connection).  Statement of Material Facts ¶ 69.

Moreover, Plaintiff cannot establish when the incident occurred.  Statement of Material Facts ¶¶ 90-94.  Without establishing when it happened, Plaintiff cannot point to a causal failure.  For example, Plaintiff explored at length facts relating to a curfew, but the record shows the incident likely happened before curfew.  Statement of Material Facts ¶¶ 90-94.  Plaintiff also explored facts regarding the daily schedule.  Statement of Material Facts ¶¶ 67-70.  Likely the incident occurred during free time shortly before curfew, when players including Plaintiff hung-out in other rooms.  Statement of Material Facts ¶¶ 71-72.  There is no known rule imposing liability based on allowing in-room free time before curfew during such a trip.  There is no known rule requiring an adult in the room with students at all times or even at certain prescribed times, such as free time.  Even Plaintiff's mother and his attorney agrees.  Statement of Material Facts ¶ 86.  And even if a rule required check-ins every 30 to 60 minutes as Plaintiff's mother suggests, Statement of Material Facts ¶¶ 82, there is no evidence showing that such

a rule would have prevented the incident: there is no proof that the School

District's failure to implement regular check-ins caused B.M. to act as and when he

did.  In any event, the evidence establishes the fact of random check-ins.

Statement of Material Facts ¶ 78.

Subpart (k) alleges a failure to adopt "procedures to protect minors against

harmful influence and contact by other students, including B.M."  Defendant is

aware of no requirement or duty that it do so, let alone that it can just capriciously

trammel B.M.'s rights and demand he keep away from others.  As a matter of

record fact, there was no pre-incident reason to believe B.M. needed to be pre-

punished.  Statement of Material Facts ¶¶ 49-55.  *See also* Statement of Material

Facts ¶¶ 43-48 (no record of prior incidents).

Subpart (l) is an invocation of various sections of the Restatement (Second)

of Torts, most of which do not apply or are redundant of other sub-paragraphs.

Application of Section 302 (functionally a definition of a negligent act or

omission) appears to be based in the dismissed "mayhem" theory.  *Doe*, 699 F.

Supp. 3d at 320.  Sections 314 and 315 address a duty.  Section 317 addresses the

inapplicable master-servant relationship.  Sections 323 and 324A do not appear

applicable as each requires a gratuitous or pecuniary act relating to rendering of

services, which is not in the facts.  Even broadly read as imposing a duty of safety

or supervision when sponsoring an overnight sports trip, the claim is addressed

elsewhere. Sections 343, 344, and 371 address "a condition on the land" and circumstances known to a possessor of land, which does not apply (and would be barred by immunity). The sub-paragraph concludes by invoking Restatement (Second) of Agency Section 213, which goes to the already-dismissed vicarious liability claim, *see Doe*, 699 F. Supp. 3d at 329, or is otherwise addressed as part of the negligent hiring, training, and supervision claims.

Subparts (m), (p) and (w) assert a failure to warn Plaintiff about B.M. Plaintiff has no right to receive information about another student. Moreover, Plaintiff has not developed facts tending to show when the School District supposedly became aware that B.M. was a threat. The record facts show no reason to believe B.M. was any sort of threat before the incident. Statement of Material Facts ¶¶ 49-55. *See also* Statement of Material Facts ¶¶ 59 (B.M. was not assigned to Plaintiff's room) and 72 (Plaintiff hung-out in others' rooms). Absent facts of pre-indent knowledge, there could be no failure to disclose or warn, even if such a duty exists.

Instead, the law requires confidentiality. *See, e.g*., 20 U.S.C. § 1323g (prohibiting disclosure of personally identifying information and student education records); 24 Pa. Stat. § 13-1301 *et. seq*. (Safe-2-Say, permitting disclosure to law enforcement, and requiring confidentiality); 22 Pa. Code Chap. 10 (same). A failure to disclose applies to commercial transactions, *see, e.g*., Restatement

(Second) of Torts, Div. 4, Scope ("pecuniary loss") and criminal exculpatory

evidence, neither of which are applicable here.  Likewise, the School District is

neither a manufacturer of a product nor a provider of mental health services who

have a duty to warn about defects and dangers.  *Hahn v. Richter*, 673 A.2d 888 (Pa.

1996) (pharmaceutical product); *Maas v. UPMC Presbyterian Shadyside*, 234 A.3d

427, 429 (Pa. 2020) (mental health services).  There is no operative disclosure duty

imposed on a School District.

Subpart (q) alleges Defendant failed to make its property safe.  Plaintiff

never developed a record about this.  There is no evidence of the incident occurring

on Defendant's property.  *See, e.g.*, Statement of Material Facts ¶¶ 21-32 (relating

to accommodations). Such a claim would be subject to immunity and is

nonetheless a claim missing any causal nexus.

Subparts (s) and (t) fails as there is no cause of action for tort damages

arising out of Defendant's policies.

> Because of the public policy that money damage actions
> should not lie against a school district for its exercise of
> educational policy, because no action for money damages
> lies for educational malpractice, and because of the long
> line of cases that keeps the courts out of educational
> policy, this Court is compelled, and has dismissed
> plaintiffs' Complaint for failure to state a cause of action.

*Aubrey v. Sch. Dist.*, 437 A.2d 1306, 1307 (Pa. Commw. 1981) (quoting trial

court). *See also Cavaliere v. Duff's Bus. Inst.*, 605 A.2d 397, 403 (Pa. Superior.

1992) (rejecting a general cause of action for educational malpractice).

In any event, Plaintiff has not developed facts of record to show how any

policy or practice was inadequate, *e.g.*, no prior knowledge. Plaintiff also has not

identified a policy failure regarding technology. To the contrary, the record shows,

for example, that J.Z. received discipline for "technology violation." Statement of

Material Facts ¶ 161.

Subpart (x) is a claim for strict liability: failing to prevent the incident. As

the Court has previously stated, Defendant is liable for its own negligence that

caused the incident; it is not liable just because of the incident. Even so, the record

evidence does not show any known danger and a resulting failure to act.

Subpart (y) alleges a failure by allowing B.M. to remain at school, but

Defendant is now aware of any cause of action or claim of this nature. *See, e.g.,*

*Davis*, 526 U.S. at 648 (rejecting assertion that school officials must take certain

actions regarding Title IX discipline). Moreover, there is no evidence that Plaintiff

himself actually considered B.M.'s continued school attendance to be problematic

as he, too, remained in school to the end of the Spring 2018 school term, Statement

of Material Facts ¶¶ 185, 187, and made no complaint about B.M., Statement of

Material Facts ¶¶ 165, *and e.g.*, 171. There is no evidence either that Plaintiff took

any action against B.M., such as a restraining order, that the School District would need to accommodate (and even that typically does not put a student out of school).

Subpart (aa) alleges a failure to train staff "regarding sexual abuse of students." Like hiring, the Pennsylvania School Code and various regulations and guidelines regulate training requirements for public school employees. For example, Act 48 mandates training for certified educators. *See* Act of Nov. 23, 1999, P.L. 529, No. 48. Training requirements includes school safety, *e.g.*, 24 Pa. Stat. § 13-1301 *et. seq.* Among these and many others Plaintiff has not established a fact of any training failure. The record shows training of staff. Statement of Material Facts ¶ 197. Moreover, Plaintiff has not developed facts as to how any such alleged failure caused the incident, *e.g.*, what pre-incident circumstances existed to suggest that a failure to provide general training about the topic caused the incident, or how any specific possible failure, such as pertains to mandated reporter training, caused the incident.

Subpart (bb) asserts that Defendant negligently manages its schools. Defendant is not aware that anyone has standing to bring such a claim, let alone that such a cause of action exists. *See Cavaliere* and *Aubrey supra.*

ECF 92 ¶ 182 asserts that Defendant wrongly allowed the video to circulate. Plaintiff goes both ways, claiming Defendant allowed circulation of the video and required destruction of the video. The record shows neither. Assuming that is a

cause of action (Defendant is aware of none in these circumstances), the evidence demonstrates that Defendant sought to prevent circulation.  Statement of Material Facts ¶¶ 149-51.  Moreover, the alleged event is after the incident and is not causal to the incident.

ECF 92 ¶ 183 claims Defendant allowed on-going harassment.  The evidence demonstrates otherwise.  Statement of Material Facts ¶¶ 149-51, 165-84. Moreover, the alleged event is after the incident and is not causal.[4]

The record evidence does not raise a genuine dispute of material fact showing negligent conduct by the School District that caused the incident.

**D.    Count VI: Negligent Infliction of Emotional Distress.**

The claim is limited.  *Toney v. Chester Cnty. Hosp.*, 36 A.3d 83, 84 (Pa. 2011).

> NIED is not available in garden-variety "breach of contractual or fiduciary duty" cases, but only in those cases where there exists a special relationship where it is foreseeable that a breach of the relevant duty would result in emotional harm so extreme that a reasonable person should not be expected to endure the resulting distress. We further conclude that recovery for NIED claims does not require a physical impact.

---

[4]    ECF 92 ¶¶ 175-78, 179(D) and (e) are based in Plaintiff's "mayhem" theory, which was previously dismissed.  *Doe*, 699 F. Supp. 3d at 320.  ECF 92 ¶¶ 179(d) and (e), and 180(n), (r), and (s), and (v) are each plainly post-incident and so are not causal, while 180(v) raises negligence *per se*, which was previously dismissed. *Id.* at 331.

*Id*. at 84-85.  The claim depends also on underlying negligence.  *Humphries v. Pa. State Univ.*, 492 F. Supp. 3d 393, 409 (M.D. Pa. 2020).  Only the special relationship type of NIED claim could apply in this case. There is no special relationship between Plaintiff and the School District.  *Toney*, 36 A.2d at 83.  *See, e.g., D.R. v. Middle Bucks Area Voc. Tech. Sch*., 972 F.2d 1364, 1371-73 (3d Cir. 1992) (*en banc*) (holding no special relationship between student and school district for purposes of constitutional torts).

In addition, Plaintiff suffered no extreme emotional harm.  Statement of Material Facts ¶¶ 189-92.

> Compensable emotional harm has been described as "likely to be experienced as a visceral and devastating assault on the self" such that it "resemble[s] physical agony in its brutality." Keating, 44 Wake Forest L. Rev. at 1174.  We agree with our sister courts that relationships involving life and death fall within this category.

*Toney*, 36 A.3d at 95.  The record evidence does not demonstrate Plaintiff suffered such quality of emotional harm.

Moreover, Plaintiff "must still demonstrate the genuineness of the alleged emotional distress, in part, by proving the element of causation."  *Id.* at 99.  Even if Plaintiff suffered sufficient emotional distress, the record does not show any negligence by Defendant was cause of the incident.

The record evidence does not raise a genuine dispute of material fact showing either a special relationship or extreme emotional harm, let alone that the School District caused the incident.

### E.    Count VII: Negligent Failure To Rescue.

The School District's alleged failure to rescue did not cause B.M. to act. Plaintiff's claim rests on "further harm," ECF 92 ¶¶ 105(b)-(e).  "Generally, there is no duty to rescue under Pennsylvania law."  *Doe*, 699 F. Supp. 3d at 331.  *See also* Restatement (Second) of Torts § 314.  Where the duty arose after the harm, there can be no causation.  *Doe*, 699 F. Supp. 3d at 330.

To the ambiguous allegation of placing Plaintiff in harm, ECF 92 ¶ 105(a), and assuming that means putting him in a room with possibly dangerous peers, there is no record evidence to support the allegation.  Statement of Material Facts ¶¶ 49-59. To the extent Plaintiff frames the claim as arising out of post-incident environment at the high school, the evidence does not support either knowledge or circumstances requiring a rescue.

The record evidence establishes no School District knowledge of the incident until May 21, 2018, Statement of Material Facts ¶¶ 116-34, and so the facts do not show knowledge or a reason to know Plaintiff needed aid, *Doe [I] v. Williamsport Area Sch. Dist*., Civ. A. 4:22-1387, 2023 WL 3136409, 2023 U.S. Dist. LEXIS 73835, at *19 M.D. Pa. Apr. 27, 2023), or "sufficiently culpable

circumstances," *Doe v. Loyalsock Twp. Sch. Dist.*, Civ. A. 4:21-1343, 2022 WL 1110310,  2022 LX 74140, at *19 (M.D. Pa. Apr. 13, 2022).

The record evidence does not raise a genuine dispute of material fact tending to show negligent failure to rescue by the School District that caused the incident.

## V.   <u>CONCLUSION</u>

As shown in Defendant's Statement Of Material Facts, the record evidence does not support Plaintiff's claims.  For the reasons stated in this Brief and in Defendant's Motion For Summary Judgment, Defendant is entitled to judgment as a matter of law on all of Plaintiff's claims.

Accordingly, Defendant Williamsport Area School District requests that the Court grant its motion, enter judgment in favor of Defendant and against Plaintiff on all claims.

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>October 1, 2025</u>          By:  <u>/s/ *Karl A. Romberger, Jr.*</u>
Karl A. Romberger, Jr., Esq., PA I.D. # 60636
331 E. Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania  18901
215-345-9111
kromberger@sweetstevens.com

*Attorneys for Defendant,*
*Williamsport Area School District*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DOE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 4:22-1387-MWB** |
| **v.** | : | |
| | : | |
| **WILLIAMSPORT AREA SCHOOL** | : | |
| **DISTRICT,** | : | |
| **Defendant.** | : | **Hon. Matthew W. Brann** |

## CERTIFICATE OF WORD COUNT

Undersigned counsel for Williamsport Area School District hereby certifies that the foregoing Brief complies with the word-count limit described in Local Rule 7.8(b)(2). The word count feature of MS Word was used to calculate the number of words to be 4,369.

## CERTIFICATE OF SERVICE

I, Karl A. Romberger, Jr., Esquire, counsel for Defendant, Williamsport Area School District, hereby certify that a true and correct copy of Defendant's Brief in support of its Motion for Summary Judgment is available and was served through the Court's ECF filing to counsel of record.

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: October 1, 2025          By: /s/ *Karl A. Romberger, Jr.*
                               Karl A. Romberger, Jr., Esq/, PA I.D. # 60636
                               331 E. Butler Avenue, P. O. Box 5069
                               New Britain, Pennsylvania 18901
                               215-345-9111
                               kromberger@sweetstevens.com

                               *Attorneys for Defendant,*
                               *Williamsport Area School District*